**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MANUEL CASTILLO,

    Petitioner,

v.                                              CASE NO:  8:08-cv-80-T-30EAJ
                                                      Crim. Case No: 8:04-CR-60-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on January 14, 2008, Memorandum in support (CV Dkt. #2) filed on January 14, 2008, and the United States' Response (CV Dkt. #5) filed on March 17, 2008[1]. The Court has reviewed the motion and Memorandum in support, the response, and the record of prior proceedings in the underlying criminal case.[2] After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion, the response, and the prior criminal proceedings that Petitioner is entitled to no relief.

---

[1] On May 1, 2008, Magistrate Judge Elizabeth A. Jenkins, after a *sua sponte* review of the file, ordered that Petitioner had twenty (20) days to file a reply to the United States' response. As of today's date, Petitioner has failed to file a reply.

[2] See case number 8:8:04-CR-60-T-30EAJ

## BACKGROUND

Petitioner, Manuel Castillo (hereinafter referred to as "Castillo" or "Petitioner") is an inmate in the federal penal system proceeding *pro se.* On February 18, 2004, Petitioner was indicted with one count of conspiracy to possess with the intent to distribute 500g or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and 846. Petitioner entered a plea of guilty without a written plea agreement on October 7, 2005 (CR Dkt. #34, 38, 53). On January 27, 2006, Petitioner was sentenced to seventy (70) months imprisonment, to be followed by sixty (60) months' supervised release. The Eleventh Circuit affirmed Petitioner's direct appeal of the conviction and sentence on November 30, 2006 (CR Dkt. #60). Petitioner timely filed this motion to vacate his sentence pursuant to 28 U.S.C. §2255, raising the following four grounds:

**Ground One:**   Counsel was ineffective for advising Petitioner to plead guilty while under the impression his sentence would be thirty-six (36) months.

**Ground Two:**   Counsel was ineffective during sentencing for failing to inform the Court of an alleged oral agreement between Petitioner's counsel and the prosecutor.

**Ground Three:**   Petitioner's guilty plea was induced by the alleged oral agreement with the prosecutor, and therefore involuntary.

**Ground Four:**   The Court abused its discretion under the Court Interpreter Act by preventing Petitioner from fully participating in the sentencing hearing through the interpreter.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2255 sets for the framework for reviewing a federal prisoner's sentence for any of the follow four reasons: (1) the sentence was imposed in violation of the

Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

## DISCUSSION

Petitioner's first two grounds for relief claim that his counsel provided ineffective assistance by advising him to plead guilty based on an alleged oral agreement with the government promising a thirty-six (36) month sentence, and by failing to notify this Court at sentencing of the alleged agreement. To establish a *prima facie* claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the Petitioner. Strickland v. Washington, 466 U.S. 668, 684 (1984). The Petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Strickland standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed" to have rendered adequate assistance. Id. at 688, 690.

Petitioner fails to overcome this considerable burden by simply alleging an oral agreement, especially when viewed in light of his responses during the plea colloquy.

During the change of plea hearing, the Magistrate Judge asked:

>COURT: Now going back to you, Mr. Castillo, has anyone made any promises to you at all in order to get you to plead guilty?
>
>CASTILLO: No.
>
>. . .
>
>COURT: All right. The penalty is a mandatory required jail term of five years and a maximum jail term of 40 years in prison, a maximum fine of up to $2 million, a term of supervised release of at least four years, and a special assessment of $100 due at sentencing. Do you understand that?
>
>INTERPRETER: I'm sorry, $100 you said?
>
>COURT: One hundred dollars special assessment.
>
>CASTILLO: Perfectly.
>
>. . .
>
>COURT: Do you understand a sentence report will be prepared for the judge and then you'll have a chance to review it, too, as will the Prosecutor and your attorney, and that presentence report will tell - - will suggest to the judge what the guidelines might be if the judge chooses to follow them? Now, if your sentence is different from what you expect under the guidelines or different from the guidelines, you can't change your mind about pleading guilty. Do you understand that Mr. Castillo?
>
>CASTILLO: Yes, I understand.
>
>. . .
>
>COURT: In other words, even if your attorney has made a prediction to you or someone else has, that's only a prediction, and the judge has the power to determine whatever appropriate sentence the judge thinks is right for your case. Do you understand that?
>
>CASTILLO: Yes.

(CR Dkt. #53 at 24-25, 27-28)

Even assuming a misunderstanding with Petitioner's counsel lead to confusion regarding entering a guilty plea, the record of the plea hearing shows that Petitioner fully understood the potential consequences of pleading guilty, as well as the judge's power to use discretion when determining the sentence. The Court notes that Petitioner was advised there was a mandatory minimum sentence of five (5) years. Further, Petitioner's sentence was at the low end of the sentencing guidelines. Additionally, the record clearly shows that no promises were made to Petitioner to induce him to plead guilty. Therefore, the first two grounds of Petitioner's claim are without merit, and will be denied.

Similarly, Ground Three of Petitioner's motion claims that his plea was not voluntary because it was obtained by the Prosecutor through his "influence and leverage," as well as the alleged promise of the thirty-six (36) month sentence (CV Dkt. #1 at 5). In order for a plea to be constitutionally valid under the Fourteenth Amendment's Due Process clause, it must be knowing and voluntary. United States v. Brown 117 F.3d 471, 476 (11th Cir. 1997). At the change of plea hearing, the Court ensured that Petitioner voluntarily and knowingly entered his plea:

> COURT: Do you have any questions at all about the consequences of guilty plea or the rights you're giving up if you plead guilty?
>
> CASTILLO: No.
>
> COURT: How do you wish to plead to Count 1 of this indictment; guilty or not guilty?
>
> CASTILLO: Guilty.
>
> COURT: Is that because you are guilty?

      CASTILLO:  Yes, I'm guilty.

(CR Dkt. #53 at 33)

Additionally, Petitioner told the Court that no one had threatened him in any way, and that he understood the possible consequences of his plea (Id. at 24). The Court determined that Castillo's guilty plea was "knowing, intelligent, and voluntary" (Id. at 42).  Because Petitioner's plea was knowing and voluntary, Ground Three will be denied.

Ground Four of Petitioner's motion claims that "the Court abused its discretion of The Court Interpreter Act" (CV Dkt. #1 at 5).  Because it is manifest that he was provided a satisfactory interpreter, this claim is without merit.  A non-English speaking defendant is entitled to a court-appointed interpreter to help understand the proceeding and to communicate effectively with counsel. 28 U.S.C. § 1827(d)(1). Petitioner was provided with a court-appointed interpreter for the entirety of the proceedings, and when asked if he understood the interpreter during the change of plea hearing, he responded "Of course, yes" (CR Dkt. # 53 at 7). Petitioner also claims that the Presentence Investigation Report was provided to him in English only, and that his counsel never reviewed the report with him (CV Dkt. #2). However, this claim is contradicted by the record of the sentencing hearing, in which Petitioner answers affirmatively when asked whether he had the opportunity to read and discuss the presentence report (CR Dkt. #53 at 3-4).

Even assuming Petitioner could overcome the substantive impediments set forth above, he would not be entitled to relief on Grounds Three and Four because he has defaulted on these claims by failing to raise them at sentencing or on appeal.  Claims that were

previously available and were not raised in a prior proceeding are procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621-24 (1998). Because Petitioner failed to show some external impediment which prevented counsel from raising the claims regarding the alleged oral agreement or the problems with the interpreter, these claims are without merit.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#66, in the underlying criminal case, case number 8:04-CR-60-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-80.deny 2255.wpd